**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KELLI GOODNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-475-D |
| | ) | |
| JENNIFER M. HAMMONS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's Motion to Quash Subpoenas and For a Protective Order, with Brief in Support [Doc. No. 34]. Plaintiff filed a response [Doc. No. 35], to which Defendant replied [Doc. No. 36]. The matter is fully briefed and at issue.

**BACKGROUND**

At issue in this case is Defendant's alleged dissemination of nude photographs of Plaintiff to third parties. Plaintiff asserts that Defendant obtained photographs from the phone of Defendant's ex-husband, Chris Hammons, depicting Plaintiff, fully or partially nude, and sent them to third parties. She further alleges that Defendant told Mr. Hammons she was going to blackmail Plaintiff with the images she obtained. But when Mr. Hammons told Defendant that would be illegal, Defendant stated she was going to use the images to her advantage.

In the present motion, Defendant seeks to quash subpoenas served on seven non-party individuals and requests a protective order pursuant to FED. R. CIV. P. 26. The subpoenas request the following items from all seven individuals:

1. Copies of ***all*** text messages, emails, photographs, or videos sent to you via any form of communications or from any device from Jennifer Hammons regarding Kelli Goodnight or Kelli Goodnight and Chris Hammons for the period May 15, 2024, [through] present.

2. Copies of ***all*** text messages, emails, photographs, or videos sent to you from ***anyone*** discussing, depicting or regarding Kelli Goodnight, Chris Hammons, or Jennifer Hammons in any regard for the period May 15, 2024, [through] present.

3. Copies of ***all*** social media posts, messages, links, or downloads posted, sent, or exchanged between you and ***anyone*** regarding Kelli Goodnight, Chris Hammons, or Jennifer Hammons in any regard for the period May 15, 2024, [through] present.

**STANDARD OF DECISION**

Under FED. R. CIV. P. 45(d)(3), a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies; or . . . subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii), (iv). A party seeking to quash a subpoena carries "a particularly heavy burden," as opposed to one seeking only limited protection. *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982); *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014). The objecting party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (citation omitted).

**DISCUSSION**

First, the Court must address whether Defendant has standing to quash the subpoenas at issue. Generally, "only the person to whom the subpoena is directed has standing to object to its issuance." *Pub. Serv. Co. of Okla. v. A Plus, Inc.*, CIV-10-651-D,

2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011). However, an exception exists "where the challenging party asserts a personal right or privilege with respect to the materials subpoenaed." *Id.* "To satisfy the standing requirement on this basis, a conclusory assertion that the subject documents 'are private, confidential, and proprietary' is insufficient; instead, the challenging party must specifically identify the personal right or privilege on which he relies." *Id.* at *3 (citation omitted).

Defendant asserts that she "has a personal right in the communications and messaging sought by Plaintiff" and, therefore, has standing [Doc. No. 34, at 5]. Specifically, she argues that the communications sought by Plaintiff include messages detailing Defendant's marriage, mental and emotional state, and private family information. Further, the subpoenas seek communications regarding Defendant. In response, Plaintiff argues that Defendant has failed to specifically identify her personal interest in the information sought.

Assuming without deciding that these statements are sufficient to establish Defendant's standing, Defendant has failed to meet her heavy burden to quash the subpoenas. Defendant argues that the subpoenas seek information that is overly broad, irrelevant, and unduly burdensome.[1]

As to undue burden, Defendant argues that "[a]llowing this type of unlimited access to the Non-Party Witnesses' opinions, beliefs, and discussions about Plaintiff, Mr.

[1] Defendant also seeks a protective order pursuant to FED. R. CIV. P. 26. It appears to the Court that, in this regard, Defendant merely seeks to modify the requests in the subpoenas. As discussed *infra*, the Court finds the requests in the subpoenas to be sufficiently tailored with respect to time period and scope.

Hammons, or Ms. Hammons subject the Non-Party Witnesses to embarrassment and an undue burden to find and produce each communication they may have had 'regarding' Plaintiff, Mr. Hammons, or Ms. Hammons without limitation." [Doc. No. 34, at 9]. However, "[e]ven if a party has standing to challenge a subpoena directed to a third party on privacy or privilege grounds, he may not challenge that subpoena on the grounds that the information imposes an undue burden on the subpoenaed party." *Pub. Serv. Co. of Okla.*, 2025 WL 2557570, at *5 (citation omitted). Thus, Defendant's challenge to the non-party subpoenas on the ground that the subpoenas are an undue burden on the witnesses is ineffective.

Defendant further argues that the subpoenas are overly broad and not designed to obtain relevant information. Although Rule 45(d) does not enumerate relevance or overbreadth as grounds for quashing a subpoena, it is well-established that the scope of discovery for a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003); *see also* FED. R. CIV. P. 26(b)(2)(C)(iii) ("On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1).").

Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

> likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "Relevance is broadly construed at the discovery stage, and a request should be considered relevant 'if there is any possibility that the information sought may be relevant to the subject matter of the action.'" *Dotson v. Experian Info Sols., Inc.*, CIV-17-575-D, 2019 WL 440588, at *3 (W.D. Okla. Feb. 4, 2019) (quoting *Buffington v. Gillette Co.*, 101 F.R.D. 400, 401 (W.D. Okla. 1980)).

As to the first request in the subpoenas, Defendant asserts that seeking "all" communications from Ms. Hammons to the non-party witnesses without limitation is overly broad and not relevant. Instead, Defendant requests the Court limit the request to the following:

> Copies of all text messages, emails, photographs, or videos sent to you via any form of communications or from any device from Jennifer Hammons containing nude images of Kelli Goodnight or disclosing information about the dissemination of Kelli Goodnight's nude images after they were found by Jennifer Hammons.

But, as Plaintiff points out, narrowing the requests to text messages, emails, photographs, or videos, "containing nude images of Kelli Goodnight or disclosing information about the dissemination of Kelli Goodnight's nude images after they were found by Jennifer Hammons" risks excluding evidence relevant to important issues in this case, including messages regarding motive, context, and state of mind. Further, the Court finds that the short time frame provided for in the subpoenas properly narrows the request to fall within the confines of Rule 26(b)(1).

As to the second and third requests, Defendant asserts that requesting the non-party witnesses to produce all communications and messaging on personal devices "discussing,

depicting or regarding" Plaintiff, Mr. Hammons, or Ms. Hammons is overly broad and not relevant because these items are too far removed from the main issues in this case. Defendant seeks to limit the requests to the following:

> Copies of all text messages, emails, photographs, or videos sent to you from anyone containing nude images of Kelli Goodnight or disclosing information about the dissemination of Kelli Goodnight's nude images after they were found by Jennifer Hammons.
>
> Copies of all social media posts, messages, links, or downloads posted, sent, or exchanged between you and anyone containing nude images of Kelli Goodnight or disclosing information about the dissemination of Kelli Goodnight's nude images after they were found by Jennifer Hammons.

Although requests two and three are broader than request one, the Court agrees that, as explained above, narrowing the language in this manner is too restrictive and could exclude potential evidence of motive, intent, etc. The relevance standard does not require the information requested be certain to lead to discoverable material; rather, there just has to be a possibility that it may lead to information relevant to the action. *See Dotson*, 2019 WL 440588, at *3. Here, the requests are tailored in such a manner.

Accordingly, the Court finds that the information sought by the subpoenas falls within the scope of Rule 26(b)(1).

For these reasons, Defendant's Motion to Quash Subpoenas and For a Protective Order, with Brief in Support [Doc. No. 34] is **DENIED**.

**IT IS SO ORDERED** this 7th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE